```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/16/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ISAAC IGLESIAS, individually and on behalf of all others similarly situated,

                      Plaintiff,

-v.-

HRA PHARMA AMERICA, INC.,

                      Defendant.

22 Civ. 8398 (JHR)

ORDER

---

JENNIFER H. REARDEN, District Judge:

       On October 1, 2022, Plaintiff Isaac Iglesias initiated this purported class action against Defendant HRA Pharma America, Inc. asserting claims of unlawful deceptive acts and practices pursuant to New York General Business Law § 349, false advertising under New York General Business Law § 350, and unjust enrichment. ECF No. 1 (Compl.). On February 27, 2023, Defendant moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). ECF No. 20. Defendant argues, *inter alia*, that Plaintiff's claims are preempted by federal law and regulations pursuant to the Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 *et seq.* ECF No. 21 (Def.'s Br.). On March 29, 2023, Plaintiff filed an opposition to the motion to dismiss. ECF No. 23 (Opp.). Plaintiff requests, as an alternative to denying the motion, that the Court grant him leave to amend the Complaint pursuant to Federal Rule of Civil Procedure 15. *Id.* at 15. Defendant did not address Plaintiff's request for leave to amend on reply or otherwise. *See* ECF No. 26 (Reply). Plaintiff's application for leave to amend is GRANTED.

       Pursuant to Federal Rule of Civil Procedure 15(a), a party "may amend its pleading once as a matter of course" "within 21 days after service" of either that pleading or the earlier of a responsive pleading or a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the

court's leave," which the "court should freely give . . . when justice so requires." *Id.* 15(a)(2). Leave should be "freely given" "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the party of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "[I]t is rare that . . . leave should be denied . . . especially when there has been no prior amendment." *Brown v. City of New York*, No. 13 Civ. 6912 (TPG), 2015 WL 7253874, at *1 (S.D.N.Y. Nov. 13, 2015) (quoting *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991)). The decision to grant or deny leave to amend lies within the sound discretion of the district court. *See Foman*, 371 U.S. at 182; *Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990).

Plaintiff's request for leave to amend, made more than 21 days after service of the Complaint and the motion to dismiss, falls under Rule 15(a)(2). *See* Fed. R. Civ. P. 15(a). Applying Rule 15(a)(2)'s liberal standard, granting Plaintiff leave to amend is appropriate in this case. Although Defendant's motion to dismiss is fully briefed, Plaintiff's request is "unlikely to cause undue delay" since (1) this action was filed less than a year ago and (2) "Plaintiff[] seek[s] leave to amend prior to the filing of [an] answer." *Abessinio v. Ernst & Young, LLP*, No. 06 Civ. 2777 (LTS), 2007 WL 9812740, at *1 (S.D.N.Y. May 21, 2007) (granting leave to amend where action was initiated approximately one year earlier and motions to dismiss were fully briefed).

Other factors that would weigh against amendment are not present here. *See Foman*, 371 U.S. at 182; *see, e.g.*, *Abessinio*, 2007 WL 9812740, at *1. The Court is "not prepared to find" that amendment would be "obviously futile" and, indeed, is "persuaded that it would benefit from further briefing" (should Defendant choose to move for dismissal). *Patterson v. Morgan Stanley*, No. 16 Civ. 6568 (RJS), 2017 WL 11569235, at *2 (S.D.N.Y. Sept. 27, 2017) (granting

request for leave to amend made after full briefing of motion to dismiss); *see Intercloud Sys., Inc. v. Integration Partners Corp.*, No. 17 Civ. 1628 (GHW), 2017 WL 11570456, at *1 (S.D.N.Y. July 31, 2017) (declining to conclude that amendment would be futile, despite fully briefed motion to dismiss, as "the wiser course would be to rule on the sufficiency of the proposed second amended complaint in the context of a fully briefed motion to dismiss that complaint"); *Brown*, 2015 WL 7253874, at *1 ("The court makes no finding at this time regarding the purported futility of the amendment, believing it would benefit from briefing on the viability of the claims in plaintiff's amended complaint, if . . . defendants renew their motion to dismiss.").

    For the foregoing reasons, Plaintiff Isaac Iglesias's request to amend his Complaint is GRANTED.  By September 6, 2023, Plaintiff shall file an amended complaint.  Defendant's pending motion to dismiss the operative Complaint (ECF No. 20) is DENIED as moot.  By September 13, 2023, should Defendant wish to move to dismiss the amended complaint, the parties shall file a joint letter proposing a briefing schedule.

    The Clerk of Court is directed to terminate ECF No. 20.

    SO ORDERED.

Dated: August 16, 2023
       New York, New York

*/s/ Jennifer H. Rearden*
JENNIFER H. REARDEN
United States District Judge